Jonathan M. Radmacher, OSB # 924314
E-mail: jonathanr@mcewengisvold.com
Tyler J. Bellis, OSB No. 082600
E-mail: tylerb@mcewengisvold.com
McEwen Gisvold LLP
1100 S.W. Sixth Avenue, Suite 1600
Portland, OR 97204
Telephone: (503) 226-7321
Facsimile: (503) 243-2687

Attorneys for Christopher Church and Sheryl Church

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>THREE J'S DISTRIBUTING, INC.<br><br>Debtor.<br><hr>RODOLFO A. CAMACHO,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER CHURCH, and<br>SHERYL CHURCH,<br><br>Defendants. | Case No. 18-32288-pcm7<br><br>Adversary Proceeding No. 18-03123-pcm<br><br>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT TO (1) AVOID FRAUDULENT TRANSFER; (2) AVOID PREFERENTIAL TRANSFER; AND (3) SUBORDINATE CLAIM OF CREDITOR |

For their Answer and Affirmative Defenses to Plaintiff's Complaint, Defendants answer and allege as follows; where neither expressly admitted or denied, the allegations are denied.

1. Admit the jurisdictional and procedural allegations of paragraphs 1 and 2.

2. Admit paragraphs 3 and 4.

3. Admit paragraph 5.

4. Admit that paragraph 6 fairly summarizes only a portion of one term of the agreement between the parties to the Stock Sale Agreement.

5. Admit paragraph 6, effective January 1, 2006.

6. Admit that paragraph 8 fairly but incompletely summarizes portions of the Stock Purchase and Sale Agreement.

7. Admit that paragraph 9 fairly but incompletely summarizes and comments on portions of the Stock Purchase and Sale Agreement, which agreement was negotiated and effective more than thirteen years ago.

8. Admit that paragraph 10 is a fair summary of portions of the Employment Agreements attached as Exhibits F and G to the Complaint.

9. Admit paragraph 11.

10. Admit that paragraphs 12 and 13 fairly summarize some of the provisions of the Voting Agreement, as the rights of the parties thereto existed as of January 1, 2006.

11. Admits paragraph 14.

12. Denies paragraph 15.

13. In response to paragraph 16, incorporate their responses to paragraphs 1 through 15.

14. Admit that the filing of the 2018 Financing Statement was a transfer under 11 U.S.C. § 101(54); deny that it was a transfer that the Trustee may avoid under 11 U.S.C. § 548(a)(1).

15. The assertions set forth in paragraph 18 are mixed assertions of fact, law and argument; the recording of the 2018 Financing Statement was given as reasonably equivalent value based upon the consideration and consent of the Debtor as part of the 2006 transaction, as no single aspect or provision of said agreement is viewed independently of the others for purposes of assessing the value given for other provisions.

16. In response to paragraph 19, at the present time, Defendants' best information and belief is that the Debtor was insolvent in January 2018, but reserves the right to amend this answer pending more detailed financial discovery.

17. Deny paragraphs 20 and 21.

18. In response to paragraph 22, incorporate their responses to paragraphs 1 through 21.

19. Deny paragraphs 23 and 24.

20. In response to paragraph 25, incorporate their responses to paragraphs 1 through 24.

21. Deny paragraphs 26 through 28.

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

22. Plaintiff's complaint fails to state facts sufficient facts to constitute a claim for relief against Defendants.

SECOND AFFIRMATIVE DEFENSE

(Reasonably Equivalent Value)

23. The claims alleged against Defendants are barred, in whole or in part, because Defendants provided, and the Debtor received, reasonably equivalent value in exchange for the alleged transfer(s), as part of the original purchase and sale. As a result, the alleged transfer is not avoidable or recoverable.

THIRD AFFIRMATIVE DEFENSE

(No Insider Status)

24. Defendants' rights under the Voting Agreement terminated in 2007, and Defendants had no control of the Debtor and were not insiders of the Debtor thereafter, when the 2018 Financing Statement was filed more than ninety (90) days prior to the commencement of the Debtor's bankruptcy case. As a result, the alleged transfer is not avoidable or recoverable under 11 U.S.C. 547(b).

FOURTH AFFIRMATIVE DEFENSE

(Good Faith)

25. Defendants provided value for the alleged transfer and acted in good faith at all times relevant hereto without knowledge of the purported avoidability of the alleged transfer.

/ / /

/ / /

## FIFTH AFFIRMATIVE DEFENSE
### (Setoff/Recoupment)

26. Plaintiff's claims are barred by the doctrine(s) of setoff and/or recoupment, as Defendants are entitled to set-off against any recovery from them by Plaintiff, the value of the consideration that they provided to the Debtor in connection with the alleged transfer.

## SIXTH AFFIRMATIVE DEFENSE
### (Enforcement of Security Interest)

27. ORS 95.270(7)(b) bars any recovery by Plaintiff because the alleged transfer resulted from the enforcement of a security interest in compliance with ORS Chapter 79.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Asset Was Transferred)

28. Plaintiff's claims fail because no "asset" was transferred under ORS 95.200.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Damages)

29. Plaintiff's claims are barred because neither Plaintiff nor the Debtor has sustained any loss, damage, harm or detriment in any amount.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver)

30. Plaintiff has waived the right to assert the claims set forth in the complaint.

## TENTH AFFIRMATIVE DEFENSE
### (Estoppel)

31. Plaintiff's claims are barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

32. Plaintiff's claims are barred by the applicable statute(s) of limitations, including, but not limited to 11 U.S.C. 546(a), 547(b) and 548(b) and ORS 95.280.

## TWELFTH AFFIRMATIVE DEFENSE

(Laches)

33. Plaintiff's claims are barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

(11 U.S.C. § 547(c))

34. Plaintiff's claims are barred, in whole or in part, by 11 U.S.C. § 547(c).

WHEREFORE, having answered Plaintiff's Complaint, Defendants pray for a judgment of this Court:

1. Dismissing Plaintiff's claims with prejudice and declaring that Plaintiff takes nothing;

2. Awarding Defendants their costs and disbursements incurred herein; and

3. For such other relief as the Court deems just and equitable.

DATED this 23rd day of January, 2019.

        McEWEN GISVOLD LLP

        By  *s/ Jonathan M. Radmacher*
           Jonathan M. Radmacher, OSB No. 924314
           Tyler J. Bellis, OSB No. 082600
              Of Attorneys for Defendants